IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AHMED ALOMARI AND MCM CONSULTING,<br><br>Defendants. | Case No. 1:24-cv-00172-JJM-AEM |

## DEFENDANTS' MOTION TO QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER

Defendants Ahmed Alomari and MCM Consulting move, pursuant to Federal Rule of Civil Procedure 45(d)(3), to quash the renewed subpoenas served by Plaintiff Securities and Exchange Commission (the "SEC") on financial institutions Hilltop Securities, Clear Street LLC, Morgan Stanley, and RBC Capital because the subpoenas, which were subject to a previous motion to quash, violate this Court's October 7, 2025 Order (the "Order").[1] Defendants also move for sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A) given the SEC's refusal to modify the renewed subpoenas in accordance with the Order even after Defendants confronted the SEC about their failure to follow the plain language of the order. The SEC's refusal to modify the subpoenas to comply with this Court's order has necessitated this motion.

---

[1] By email on November 19, 20205, the SEC agreed not to review any materials received pursuant to the subpoenas until this motion is adjudicated to avoid the need for expedited review of Defendants' motion.

1

I. **The SEC Has Not Followed This Court's October 7th Order**

The procedural history of these subpoenas is documented in prior filings regarding Defendants' initial motion to quash. *See* ECF Nos. 40-44. As this Court is aware, the SEC sought discovery from four non-party brokerages—Hilltop Securities, Clear Street LLC, Morgan Stanley and RBC Capital. These subpoenas effectively requested all of Mr. Alomari's records from these entities, including documentation of the opening of his accounts, withdrawals and deposits, all communications regarding the accounts, and a host of other information concerning time periods well *after* the misconduct alleged in the Complain. Defendants moved to quash on the bases of irrelevance and overbreadth. The SEC opposed, asserting that they believed that the subpoenas were valid in their entirety, but, in the alternative, that trading activity in Autonomix, Inspire and Zapp is relevant to the alleged misconduct. Dkt. 42. Oral argument was held on October 7, 2025, after which the Court quashed the subpoenas and issued the following order (bold added):

> Defendants' Motion to Quash Subpoenas and for a Protective Order [40] is GRANTED IN PART and DENIED IN PART: **The subpoenas to Hilltop Securities Inc., Clear Street LLC, Morgan Stanley, and RBC Capital Markets LLC are quashed. The subpoenas must be modified to seek information about only the three stocks that the SEC has stated are the focus of these requests: Autonomix Medical, Inc. ("Autonomix"), Inspire Veterinary Partners, Inc. ("Inspire"), and Zapp Electric Vehicles Group Ltd. ("Zapp")**. **The subpoenas must be further limited to seek information about Autonomix, Inspire, and Zapp from 2024, the year during which the SEC has evidence of Mr. Alomari's trading of those stocks**. The subpoenas, as modified, seek information that is discoverable per Federal Rule of Civil Procedure 26(b)(1) because the information is relevant to the remedies sought in this matter and the SEC has evidence that the nature of the trading in those three securities in 2024 is substantially similar to the trading in the operative amended complaint. In addition, as to Autonomix, the SEC demonstrated that the information sought is relevant to the relationship between Mr. Alomari and Mr. Casey that is discussed at length in the Amended Complaint. The Motion to Quash is DENIED in all other respects.

The Court's order, which has not been timely appealed, was unambiguous. The issued subpoenas were quashed. The first line of the Order made that clear. If the SEC wished to re-serve

2

the subpoenas, it could request *only* information about Autonomix, Inspire Veterinary Partners and Zapp. Moreover, "information about Autonomix, Inspire and Zapp" could be obtained *only* for the trading year 2024. Only that information was "discoverable" and relevant under Rule 26.

The SEC has not complied with the Court's Order. On November 14, 2025, the SEC served the brokerages with new subpoenas, notifying Defendants via email. *See* Ex. A (Hilltop subpoena).[2] The requests in these new subpoenas extend far beyond information about the three subject stocks permitted by the Order. For example, the subpoena to Hilltop Securities requests information about accounts owned by Kevan Casey and Adrian James. Mr. Casey is deceased. The first request of the subpoenas seeks trading data for the three "Subject Securities" (Autonomix, Inspire and Zapp), as permitted by the Court. Request 3, by contrast, seeks *all* documents concerning "deposits, withdrawals and transfers of cash into and out of the Subject Accounts." Not only does this plainly not concern trading data in the three Subject Securities, but even if deposits and withdrawals could be somehow construed to reflect trading data, the SEC's demand includes no attempt to limit information as to withdrawals and deposits concerning only the Subject Securities. In short, the SEC demands that it be provided with *all* deposits and withdrawals of money to and from the accounts of Casey, James and Alomari, regardless of whether any of that information relates to three Subject Securities. This requested information was contained in the original subpoenas that were quashed by the Court, and that information was *not* permitted by the Court's clear order that limits the SEC to information "only about the three stocks" at issue.

Request Five, which seeks *all* account opening documents for those three individuals, is no different. That request is not limited to the three Subject Securities. Virtually the same information is requested in Request Six. Request Seven demands *all* emails and phone calls related

---

[2] The other three subpoenas are substantively identical although they do not request information for Mr. Casey and Mr. James.

3

to the Subject Accounts, whether or not those communications had anything to do with the Subject Securities. Finally, Request Eight demands *all* IP log-in information for the entire year-long period, again without any limitation as to the Subject Securities. In sum, these subpoenas have requested significant amounts of information that extend far beyond the boundaries of this Court's order, which limited the SEC to *only* information about those three securities (and only for the year 2024). Accordingly, the new subpoenas must be quashed, again.

## II.     The SEC refuses to modify the subpoenas.

Defendants immediately raised these issues with the SEC, but the SEC refuses to modify the subpoenas in accordance with the Order. Instead, the SEC offers up a slew of arguments that make little sense. *First*, the SEC asserts that the Order limits the SEC from requesting trading data pertaining to stocks outside of the three Subject Securities, but does not limit the SEC's ability to demand additional information (such as withdrawals, opening documents and IP information) sought by the remainder of the subpoenas. Ex. B. That is nonsense. The Order makes no such distinction. The very first line clearly states that the subpoenas "are quashed" in their entirety. This means, of course, that the SEC could not serve the subpoenas as drafted. The Order then specified exactly what *information* the subpoenas could request if the SEC opted to serve new subpoenas—*only* information about the at-issue stocks and *only* in the year 2024. The Court's order was not so limited to trading data. Rather, it applied to all "information" sought by the SEC. The SEC's demand for additional information clearly exceeds the bounds of this Court's order.

*Second*, the SEC asserts that the other information requested by the subpoenas—communications, withdrawals and deposits, and login information—is "necessarily … relevant" to the three Subject Securities and therefore, it was proper for the SEC to request that information. Again, the SEC is wrong. Defendants already litigated this issue before the Court. The Court quashed the subpoenas, allowing the SEC access only information concerning the three at-issue

4

stocks. The SEC may not be happy with the limitations imposed by this Court. But to read the Court's holding—the subpoenas "*are quashed*"—out of the Order to justify making an end-run around this Court is improper. The SEC may believe that this information is relevant, but that was not what this Court decided. The SEC could have sought a motion for reconsideration or clarification. It did not do so.

The SEC's refusal to modify the already-modified subpoenas, in response to a reasonable request from Defendants, makes clear that the SEC's conduct was willful. Accordingly, because Defendants have now wasted significant attempting to getting the SEC to comply with Court orders, Defendants respectfully requests that the SEC be sanctioned as appropriate pursuant to Rule 37. Specifically, Defendants request that the SEC's subpoenas be quashed in their entirety, and that the SEC be ordered to pay for the costs of filing this second motion to quash.

Dated: November 19, 2025                             Respectfully submitted,

                                                     */s/ Eric S Rosen*

                                                     Daniel J. Procaccini (#8552)
                                                     Lucas Spremulli (#10418)
                                                     Adler Pollock & Sheehan P.C.
                                                     100 Westminster Street, 16th Floor
                                                     Providence, RI 02903
                                                     Tel: (401) 274-7200
                                                     Fax: (401) 751-0604
                                                     dprocaccini@apslaw.com
                                                     lspremulli@apslaw.com

                                                     Eric S. Rosen (*Pro Hac Vice*)
                                                     Tyler Finn (*Pro Hac Vice* to be filed)
                                                     DYNAMIS LLP
                                                     175 Federal St., Suite 1200
                                                     Boston, MA 02110
                                                     Tel: (646) 541-8484
                                                     erosen@dynamisllp.com
                                                     tfinn@dynamisllp.com

5

## **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 19th day of November 2025.

*/s/ Daniel J. Procaccini*

4923-1090-8027, v. 1