# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:24-cv-172 ) |
| AHMED ALOMARI and MCM CONSULTING, | ) ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
<u>NOTICE OF SUBPOENAS TO NON-PARTIES</u>**

**TO:**

Eric Rosen
Dynamis LLP
175 Federal St., Ste. 1200
Boston, MA 02110
erosen@dynamisllp.com

Daniel Procaccini
Adler, Pollock & Sheehan P.C.
100 Westminster St., 16th Fl.
Providence, RI 02903
dprocaccini@apslaw.com

  **PLEASE TAKE NOTICE** that, pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Securities and Exchange Commission has served subpoenas upon the following parties for production of documents as described in the attached subpoena: Hilltop Securities, Clear Street LLC, Morgan Stanley, and RBC Capital.

  **PLEASE TAKE FURTHER NOTICE** that the requested documents are to be produced to Securities and Exchange Commission, ENF-CPU, U.S. Securities and Exchange Commission,

1

14420 Albemarle Point Place, Suite 102, Chantilly, VA  20151-1750 on or before 5:00 p.m. on December 2, 2025.

Dated:  November 14, 2025                    Respectfully submitted,

                                                          SECURITIES AND EXCHANGE COMMISSION
                                                          By its attorneys,

                                                          /s/Kathleen Burdette Shields
                                                          Kathleen Burdette Shields
                                                          Jonathan T. Menitove
                                                          Alexandra B. Lavin
                                                          Attorneys for Plaintiff
                                                          SECURITIES AND EXCHANGE COMMISSION
                                                          Boston Regional Office
                                                          33 Arch Street, 24th Floor
                                                          Boston, MA  02110
                                                          (617) 573-8904 (Shields direct)
                                                          (617) 573-4590 (fax)
                                                          shieldska@sec.gov

ATTACHMENT TO November 14, 2025 Document Subpoena
Issued to Hilltop Securities
*SEC v. Alomari, et al.* – 1:24-cv-172

**A.** **Definitions**

1. "Subjects" means the following individual or any present or former Representatives or successors of the following:

   | Name | Date of Birth | Taxpayer ID |
   |---|---|---|
   | Ahmed Alomari ("Alomari") | 10/26/1984 | 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 |
   | Kevan Casey ("Casey") | 12/3/1971 | 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 |
   | Adrian James ("James") | 9/19/1974 | 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 |

2. "Subject Securities" means the securities of three issuers: Autonomix Medical, Inc., Inspire Veterinary Partners, Inc., and Zapp Electric Vehicles Group Ltd.

3. "Subject Accounts" means:

   a. all brokerage accounts maintained by, or in the name of, Alomari, or as to which Alomari exercises or has exercised control, or as to which Alomari has or had a beneficial interest, or as to which Alomari has or has had the ability to engage in transactions, including but not limited to Account Number 0279 70085247;

   b. all brokerage accounts maintained by, or in the name of, a corporate entity beneficially owned by Casey or James, or as to which Casey or James exercises or has exercised control, or as to which Casey or James has or has had the ability to engage in transactions; and/or

   c. all brokerage accounts that were opened at or about the same time as Account No. 0279 70085247, which were closed at or about the same time as Account Number 0279 70085247, and that traded in some or all of the Subject Securities on or about the same dates as the trades in Account Number 0279 70085247.

4. A "Representative" of a person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, executors, or any other representative acting or purporting to act on behalf of the person.

5. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes,

        summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

6.     The singular includes the plural and visa versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

**B.**     **Instructions**

1.     Unless otherwise specified, you must produce the original documents and all copies and drafts of same. However, if two documents or other items are exact duplicates, you are requested to produce only one of them. Documents that contain written comments, notes, corrections, or to which have been attached or appended additional material are not exact duplicates and therefore must be produced.

2.     Documents should be produced in electronic format consistent with the SEC Data Delivery Standards attached hereto. Electronic documents responsive to this request, including all metadata, should also be produced in their native software format.

3.     Documents should be labeled with sequential numbering (bates-stamped).

4.     This Request for Production of Documents includes each document in your possession, custody or control, including all documents that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth herein.

5.     Produce all documents as kept in the usual course of business or produce documents organized and labeled to correspond with the categories in this request.

6.     For each document, in whole or in part, for which a claim of privilege or work product immunity is asserted as a basis for non-production, state the following:

      i.     the date(s) on which the documents was prepared, generated and/or sent;

      ii.     the name, title, and address of each author and/or sender the document, each person to whom the document was addressed or delivered and/or each person known to have read the documents or to have been advised of the contents of the documents and/or to have participated in communications about the documents;

      iii.     the title of the document, if any;

      iv.     the type of document (e.g. letter, memorandum, email, etc.);

      v.     the subject matter of the documents (with sufficient particularity to allow

          the Plaintiff to bring the validity of the assertion of privilege before the Court, if the Plaintiff deems such action appropriate); and

    vi.    the nature of the privilege or immunity asserted and the factual basis for the claim of privilege.

7. In the event that any document called for by this request has been destroyed, lost, discarded, or otherwise disposed of, identify any such document as completely as possible, including without limitation, the following information: nature of documents, author, signatory, recipient, number of pages, subject matter, last know location of documents, date of disposal, manner of disposal, reason for disposal, person authorizing such disposal and person disposing of the document. If the document still exists, identify its present location and custodian.

8. If there are objections to any of the document requests, furnish a written statement containing those objections at the time specified herein for the production of documents.

**C.**    **Documents to be Produced**

On or before the date and time shown on the attached subpoena, provide the following documents in your possession, custody or control for the time period from January 1, 2024 to December 31, 2024.

1. An electronic blotter for each of the Subject Accounts in Microsoft Excel format reflecting all trades in the three Subject Securities for the period January 1, 2024 to December 31, 2024 that includes, but is not limited to, fields identifying:
   a. customer account number,
   b. customer name,
   c. registered representative,
   d. branch location,
   e. order type (buy or sell),
   f. quantity,
   g. share price,
   h. entry date,
   i. trade date,
   j. settlement date,
   k. entry time,
   l. execution time,
   m. exchange,
   n. CUSIP,
   o. ticker symbol
   p. market/limit order, and
   q. solicited/unsolicited order.

2. If not included in the data responsive to Request No. 1, provide all order data for orders in the Subject Securities including order time, order size, order type (e.g. market or limit), cancellations and executions. Your response should include unexecuted orders and partial fill detail;

3. All Documents Concerning deposits, withdrawals and transfers of cash into and out of the Subject Accounts including information sufficient to identify the corresponding financial institution, account number and routing number;

4. All Documents Concerning deposits, withdrawals and transfers of the Subject Securities into and out of the Subject Accounts including information sufficient to identify the corresponding brokerage accounts;

5. All account opening Documents Concerning each Subject Account, including, but not limited to, Documents sufficient to identify the Person(s) with trading authority for each Subject Account;

6. All customer identification, profile, and contact information for each Subject Account, including phone numbers, e-mail addresses, mailing addresses, and any known account numbers at other institutions;

7. All Documents Concerning Communications, including, but not limited to, electronic mail and recorded telephone calls, related to each Subject Account or the Subject Securities during the period January 1, 2024 to December 31, 2024; and

8. Record(s) of all electronic customer logins during the period January 1, 2024 to December 31, 2024, preferably in a searchable electronic format, such as Microsoft Excel, Microsoft Word, or text file, for each Subject Account, including date and time-stamping of the logins, the Internet Protocol address(es) utilized by the customer(s) and enhanced login details including but not limited to browser cookie data.

ATTACHMENT TO November 14, 2025 Document Subpoena
Issued to Morgan Stanley
*SEC v. Alomari, et al.* – 1:24-cv-172

**A.**　**Definitions**

1.　"Subjects" means the following individual or any present or former Representatives or successors of the following:

| Name | Date of Birth | Taxpayer ID |
|---|---|---|
| Ahmed Alomari | 10/26/1984 | 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 |

2.　"Subject Accounts" means all brokerage accounts maintained by, or in the name of, Subjects, or as to which Subjects exercise or have exercised control, or as to which Subjects have a beneficial interest, or as to which Subjects have or have had the ability to engage in transactions, including but not limited to Account Numbers 0015 0712197430001 and 0015 0712197430000.

3.　"Subject Securities" means the securities of three issuers: Autonomix Medical, Inc., Inspire Veterinary Partners, Inc., and Zapp Electric Vehicles Group Ltd.

4.　A "Representative" of a person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, executors, or any other representative acting or purporting to act on behalf of the person.

5.　"Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

6.　The singular includes the plural and visa versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

**B.**     **Instructions**

1. Unless otherwise specified, you must produce the original documents and all copies and drafts of same. However, if two documents or other items are exact duplicates, you are requested to produce only one of them. Documents that contain written comments, notes, corrections, or to which have been attached or appended additional material are not exact duplicates and therefore must be produced.

2. Documents should be produced in electronic format consistent with the SEC Data Delivery Standards attached hereto. Electronic documents responsive to this request, including all metadata, should also be produced in their native software format.

3. Documents should be labeled with sequential numbering (bates-stamped).

4. This Request for Production of Documents includes each document in your possession, custody or control, including all documents that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth herein.

5. Produce all documents as kept in the usual course of business or produce documents organized and labeled to correspond with the categories in this request.

6. For each document, in whole or in part, for which a claim of privilege or work product immunity is asserted as a basis for non-production, state the following:
    i. the date(s) on which the documents was prepared, generated and/or sent;
    ii. the name, title, and address of each author and/or sender the document, each person to whom the document was addressed or delivered and/or each person known to have read the documents or to have been advised of the contents of the documents and/or to have participated in communications about the documents;
    iii. the title of the document, if any;
    iv. the type of document (e.g. letter, memorandum, email, etc.);
    v. the subject matter of the documents (with sufficient particularity to allow the Plaintiff to bring the validity of the assertion of privilege before the Court, if the Plaintiff deems such action appropriate); and
    vi. the nature of the privilege or immunity asserted and the factual basis for the claim of privilege.

7. In the event that any document called for by this request has been destroyed, lost, discarded, or otherwise disposed of, identify any such document as completely as possible, including without limitation, the following information: nature of documents, author, signatory, recipient, number of pages, subject matter, last know location of documents, date of disposal, manner of disposal, reason for disposal, person authorizing

such disposal and person disposing of the document.  If the document still exists, identify its present location and custodian.

8. If there are objections to any of the document requests, furnish a written statement containing those objections at the time specified herein for the production of documents.

**C.** **Documents to be Produced**

On or before the date and time shown on the attached subpoena, provide the following documents in your possession, custody or control for the time period from January 1, 2024 to December 31, 2024.

1. An electronic blotter for each of the Subject Accounts in Microsoft Excel format reflecting all trades in the three Subject Securities for the period January 1, 2024 to December 31, 2024 that includes, but is not limited to, fields identifying:
    a. customer account number,
    b. customer name,
    c. registered representative,
    d. branch location,
    e. order type (buy or sell),
    f. quantity,
    g. share price,
    h. entry date,
    i. trade date,
    j. settlement date,
    k. entry time,
    l. execution time,
    m. exchange,
    n. CUSIP,
    o. ticker symbol
    p. market/limit order, and
    q. solicited/unsolicited order.

2. If not included in the data responsive to Request No. 1, provide all order data for orders in the Subject Securities including order time, order size, order type (e.g. market or limit), cancellations and executions.  Your response should include unexecuted orders and partial fill detail;

3. All Documents Concerning deposits, withdrawals and transfers of cash into and out of the Subject Accounts including information sufficient to identify the corresponding financial institution, account number and routing number;

4. All Documents Concerning deposits, withdrawals and transfers of the Subject Securities into and out of the Subject Accounts including information sufficient to identify the corresponding brokerage accounts;

3

5. All account opening Documents Concerning each Subject Account, including, but not limited to, Documents sufficient to identify the Person(s) with trading authority for each account responsive to Request No. 1;

6. All customer identification, profile, and contact information for each Subject Account, including phone numbers, e-mail addresses, mailing addresses, and any known account numbers at other institutions;

7. All Documents Concerning Communications, including, but not limited to, electronic mail and recorded telephone calls, related to each Subject Account or the Subject Securities during the period January 1, 2024 to December 31, 2024; and

8. Record(s) of all electronic customer logins during the period January 1, 2024 to December 31, 2024, preferably in a searchable electronic format, such as Microsoft Excel, Microsoft Word, or text file, for each Subject Account, including date and time-stamping of the logins, the Internet Protocol address(es) utilized by the customer(s) and enhanced login details including but not limited to browser cookie data.

ATTACHMENT TO November 14, 2025 Document Subpoena
Issued to RBC Capital Markets, LLC
*SEC v. Alomari, et al.* – 1:24-cv-172

**A.** **<u>Definitions</u>**

1. "Subjects" means the following individual or any present or former Representatives or successors of the following:

| Name | Date of Birth | Taxpayer ID |
|---|---|---|
| Ahmed Alomari | 10/26/1984 | 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 |

2. "Subject Accounts" means all brokerage accounts maintained by, or in the name of, Subjects, or as to which Subjects exercise or have exercised control, or as to which Subjects have a beneficial interest, or as to which Subjects have or have had the ability to engage in transactions, including but not limited to Account Number 0235 81510338.

3. "Subject Securities" means the securities of three issuers: Autonomix Medical, Inc., Inspire Veterinary Partners, Inc., and Zapp Electric Vehicles Group Ltd.

4. A "Representative" of a person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, executors, or any other representative acting or purporting to act on behalf of the person.

5. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

6. The singular includes the plural and visa versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

**B.** **<u>Instructions</u>**

1. Unless otherwise specified, you must produce the original documents and all copies and

    drafts of same. However, if two documents or other items are exact duplicates, you are requested to produce only one of them. Documents that contain written comments, notes, corrections, or to which have been attached or appended additional material are not exact duplicates and therefore must be produced.

2. Documents should be produced in electronic format consistent with the SEC Data Delivery Standards attached hereto. Electronic documents responsive to this request, including all metadata, should also be produced in their native software format.

3. Documents should be labeled with sequential numbering (bates-stamped).

4. This Request for Production of Documents includes each document in your possession, custody or control, including all documents that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth herein.

5. Produce all documents as kept in the usual course of business or produce documents organized and labeled to correspond with the categories in this request.

6. For each document, in whole or in part, for which a claim of privilege or work product immunity is asserted as a basis for non-production, state the following:

    i. the date(s) on which the documents was prepared, generated and/or sent;

    ii. the name, title, and address of each author and/or sender the document, each person to whom the document was addressed or delivered and/or each person known to have read the documents or to have been advised of the contents of the documents and/or to have participated in communications about the documents;

    iii. the title of the document, if any;

    iv. the type of document (e.g. letter, memorandum, email, etc.);

    v. the subject matter of the documents (with sufficient particularity to allow the Plaintiff to bring the validity of the assertion of privilege before the Court, if the Plaintiff deems such action appropriate); and

    vi. the nature of the privilege or immunity asserted and the factual basis for the claim of privilege.

7. In the event that any document called for by this request has been destroyed, lost, discarded, or otherwise disposed of, identify any such document as completely as possible, including without limitation, the following information: nature of documents, author, signatory, recipient, number of pages, subject matter, last know location of documents, date of disposal, manner of disposal, reason for disposal, person authorizing such disposal and person disposing of the document. If the document still exists, identify its present location and custodian.

8.     If there are objections to any of the document requests, furnish a written statement containing those objections at the time specified herein for the production of documents.

**C.**     **Documents to be Produced**

On or before the date and time shown on the attached subpoena, provide the following documents in your possession, custody or control for the time period from January 1, 2024 to December 31, 2024.

1. An electronic blotter for each of the Subject Accounts in Microsoft Excel format reflecting all trades in the three Subject Securities for the period January 1, 2024 to December 31, 2024 that includes, but is not limited to, fields identifying:
   a. customer account number,
   b. customer name,
   c. registered representative,
   d. branch location,
   e. order type (buy or sell),
   f. quantity,
   g. share price,
   h. entry date,
   i. trade date,
   j. settlement date,
   k. entry time,
   l. execution time,
   m. exchange,
   n. CUSIP,
   o. ticker symbol
   p. market/limit order, and
   q. solicited/unsolicited order.

2. If not included in the data responsive to Request No. 1, provide all order data for orders in the Subject Securities including order time, order size, order type (e.g. market or limit), cancellations and executions. Your response should include unexecuted orders and partial fill detail;

3. All Documents Concerning deposits, withdrawals and transfers of cash into and out of the Subject Accounts including information sufficient to identify the corresponding financial institution, account number and routing number;

4. All Documents Concerning deposits, withdrawals and transfers of the Subject Securities into and out of the Subject Accounts including information sufficient to identify the corresponding brokerage accounts;

5. All account opening Documents Concerning each Subject Account, including, but not limited to, Documents sufficient to identify the Person(s) with trading authority for each account responsive to Request No. 1;

6. All customer identification, profile, and contact information for each Subject Account, including phone numbers, e-mail addresses, mailing addresses, and any known account numbers at other institutions;

7. All Documents Concerning Communications, including, but not limited to, electronic mail and recorded telephone calls, related to each Subject Account or the Subject Securities during the period January 1, 2024 to December 31, 2024; and

8. Record(s) of all electronic customer logins during the period January 1, 2024 to December 31, 2024, preferably in a searchable electronic format, such as Microsoft Excel, Microsoft Word, or text file, for each Subject Account, including date and time-stamping of the logins, the Internet Protocol address(es) utilized by the customer(s) and enhanced login details including but not limited to browser cookie data.

ATTACHMENT TO November 14, 2025 Document Subpoena
Issued to Clear Street LLC
*SEC v. Alomari, et al.* – 1:24-cv-172

**A.** **Definitions**

1. "Subjects" means the following individual or any present or former Representatives or successors of the following:

   | Name | Date of Birth | Taxpayer ID |
   |---|---|---|
   | Ahmed Alomari | 10/26/1984 | 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 |

2. "Subject Accounts" means all brokerage accounts maintained by, or in the name of, Subjects, or as to which Subjects exercise or have exercised control, or as to which Subjects have a beneficial interest, or as to which Subjects have or have had the ability to engage in transactions, including but not limited to Account Number 9132 108883.

3. "Subject Securities" means the securities of three issuers: Autonomix Medical, Inc., Inspire Veterinary Partners, Inc., and Zapp Electric Vehicles Group Ltd.

4. A "Representative" of a person means any present or former family members, officers, executives, partners, joint-venturers, directors, trustees, employees, consultants, accountants, attorneys, agents, executors, or any other representative acting or purporting to act on behalf of the person.

5. "Document" shall include, but is not limited to, any written, printed, or typed matter including, but not limited to all drafts and copies bearing notations or marks not found in the original, letters and correspondence, interoffice communications, slips, tickets, records, worksheets, financial records, accounting documents, bookkeeping documents, memoranda, reports, manuals, telephone logs, telegrams, facsimiles, messages of any type, telephone messages, voice mails, tape recordings, notices, instructions, minutes, summaries, notes of meetings, file folder markings, and any other organizational indicia, purchase orders, information recorded by photographic process, including microfilm and microfiche, computer printouts, spreadsheets, and other electronically stored information, including but not limited to writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations that are stored in any medium from which information can be retrieved, obtained, manipulated, or translated.

6. The singular includes the plural and visa versa; the words "and" and "or" shall be both conjunctive and disjunctive; the word "all" means "any and all"; the word "any" means "any and all"; the word "including" means "including without limitation."

**B.** **Instructions**

1. Unless otherwise specified, you must produce the original documents and all copies and

        drafts of same. However, if two documents or other items are exact duplicates, you are requested to produce only one of them. Documents that contain written comments, notes, corrections, or to which have been attached or appended additional material are not exact duplicates and therefore must be produced.

2.     Documents should be produced in electronic format consistent with the SEC Data Delivery Standards attached hereto. Electronic documents responsive to this request, including all metadata, should also be produced in their native software format.

3.     Documents should be labeled with sequential numbering (bates-stamped).

4.     This Request for Production of Documents includes each document in your possession, custody or control, including all documents that you have the ability to obtain, that are responsive, in whole or in part, to any of the individual requests set forth herein.

5.     Produce all documents as kept in the usual course of business or produce documents organized and labeled to correspond with the categories in this request.

6.     For each document, in whole or in part, for which a claim of privilege or work product immunity is asserted as a basis for non-production, state the following:

      i.     the date(s) on which the documents was prepared, generated and/or sent;

      ii.     the name, title, and address of each author and/or sender the document, each person to whom the document was addressed or delivered and/or each person known to have read the documents or to have been advised of the contents of the documents and/or to have participated in communications about the documents;

      iii.     the title of the document, if any;

      iv.     the type of document (e.g. letter, memorandum, email, etc.);

      v.     the subject matter of the documents (with sufficient particularity to allow the Plaintiff to bring the validity of the assertion of privilege before the Court, if the Plaintiff deems such action appropriate); and

      vi.     the nature of the privilege or immunity asserted and the factual basis for the claim of privilege.

7.     In the event that any document called for by this request has been destroyed, lost, discarded, or otherwise disposed of, identify any such document as completely as possible, including without limitation, the following information: nature of documents, author, signatory, recipient, number of pages, subject matter, last know location of documents, date of disposal, manner of disposal, reason for disposal, person authorizing such disposal and person disposing of the document. If the document still exists, identify its present location and custodian.

8.  If there are objections to any of the document requests, furnish a written statement containing those objections at the time specified herein for the production of documents.

C.  **Documents to be Produced**

On or before the date and time shown on the attached subpoena, provide the following documents in your possession, custody or control for the time period from January 1, 2024 to December 31, 2024.

1.  An electronic blotter for each of the Subject Accounts in Microsoft Excel format reflecting all trades in the three Subject Securities for the period January 1, 2024 to December 31, 2024 that includes, but is not limited to, fields identifying:
    a. customer account number,
    b. customer name,
    c. registered representative,
    d. branch location,
    e. order type (buy or sell),
    f. quantity,
    g. share price,
    h. entry date,
    i. trade date,
    j. settlement date,
    k. entry time,
    l. execution time,
    m. exchange,
    n. CUSIP,
    o. ticker symbol
    p. market/limit order, and
    q. solicited/unsolicited order.

2.  If not included in the data responsive to Request No. 1, provide all order data for orders in the Subject Securities including order time, order size, order type (e.g. market or limit), cancellations and executions. Your response should include unexecuted orders and partial fill detail;

3.  All Documents Concerning deposits, withdrawals and transfers of cash into and out of the Subject Accounts including information sufficient to identify the corresponding financial institution, account number and routing number;

4.  All Documents Concerning deposits, withdrawals and transfers of the Subject Securities into and out of the Subject Accounts including information sufficient to identify the corresponding brokerage accounts;

5. All account opening Documents Concerning each Subject Account, including, but not limited to, Documents sufficient to identify the Person(s) with trading authority for each account responsive to Request No. 1;

6. All customer identification, profile, and contact information for each Subject Account, including phone numbers, e-mail addresses, mailing addresses, and any known account numbers at other institutions;

7. All Documents Concerning Communications, including, but not limited to, electronic mail and recorded telephone calls, related to each Subject Account or the Subject Securities during the period January 1, 2024 to December 31, 2024; and

8. Record(s) of all electronic customer logins during the period January 1, 2024 to December 31, 2024, preferably in a searchable electronic format, such as Microsoft Excel, Microsoft Word, or text file, for each Subject Account, including date and time-stamping of the logins, the Internet Protocol address(es) utilized by the customer(s) and enhanced login details including but not limited to browser cookie data.