UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>AHMED ALOMARI and<br>MCM CONSULTING,<br><br>Defendants. | )<br>)<br>)<br>) Case No. 1:24-cv-00172-JJM-AEM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH AND FOR A PROTECTIVE ORDER

Plaintiff Securities and Exchange Commission (the "Commission") hereby opposes Defendants' Motion to Quash Subpoenas and for a Protective Order (Dkt. No. 47). Defendants erroneously contend that the Commission's second subpoenas to four brokerage firms violate this Court's October 7, 2025 Order (the "Order") on the Defendants' prior motion to quash. The Commission's new subpoenas to these firms fully comply with the Order and thus Defendants' motion should be denied.

### ARGUMENT

**I.    The Commission's Revised Subpoenas Comply with the Court's Order.**

Defendants previously moved to quash the Commission's subpoenas to four brokerage firms that sought full trading records for Alomari's accounts at those firms for the time period from January 1, 2024 to the present. *See* Dkt Nos. 40, 41, 43. The Commission opposed that motion and the Court held a hearing on October 7, 2025 and issued its Order the same day. *See* Dkt. No. 42, Order (no docket number). The focus of the parties' arguments and the Court's statements at the hearing were: (1) whether the Commission should be able to obtain discovery about all of Alomari's trading, or whether the requests should be limited to trading in three

securities that bear resemblance to the trading that forms the basis of the Complaint (Autonomix, Inspire and Zapp), and (2) whether the Commission should be entitled to discovery on Alomari's trading after 2024, when the currently-available information suggests his trading in those three securities ceased. The Court's Order, consistent with the discussion on these two issues at the October 7 hearing, restricts the scope of the Commission's subpoenas to trading information relating to the three securities for the calendar year 2024. The Court's Order denied all other aspects of the Defendants' motion to quash. *See* Order (last sentence).

The Commission's revised subpoenas, the substance of which is attached as Exhibit A to Defendants' motion, faithfully implement these requirements imposed by the Court. Rather than seeking records of all of the trading in Defendants' accounts, the subpoenas only seek trading records for Autonomix, Inspire and Zapp securities, which the subpoenas define as the "Subject Securities." *See, e.g.,* Dkt. No. 47-1 at 4 (definition #2), 6 (document request #1), 7 (document request #2, #4). In addition, the subpoenas restrict the applicable time period to calendar year 2024. *See, e.g., id.* at 6.

In addition, the subpoenas seek basic information about the accounts themselves and the accountholder's communications with the brokerage firms. The subpoenas continue to request, as did the Commission's prior subpoenas, information about deposits and withdrawals of cash into the accounts (*see, e.g.,* Dkt. No. 47-1 at 7, document request #3), account opening documents that identify the person controlling the account and other account owner identifying information (*id.*, document request #5, #6), documents concerning communications related to the account or the Subject Securities (*id.*, document request #7), and a record of the IP addresses used to log into the account during 2024 (document request #8). Defendants' prior motion had argued that these requests were also overbroad (*see* Dkt. No. 40 at 9-10), but the Court did not limit these types of requests, and the Order denied all of these aspects of Defendants' motion. *See* Order (last sentence). Moreover, these general requests are consistent with the Court's

2

Order, as this type of information is necessary to understand the accounts' trading in the Subject Securities that the Court found relevant to this case, and thus discoverable. These additional requests cover information that will shed light on the transactions in the Subject Securities and will provide evidence about who was controlling those trades, from where, whether there were communications about these trades, and what funds were used to engage in these trades.

Defendants object to Request No. 3 because it seeks information about cash deposits and withdrawals that are not expressly tied to the Subject Securities. *See* Dkt. No. 47, at 3. This objection does not make sense. Cash withdrawals and deposits are not tied to trading in any particular securities because money is fungible and deposits and withdrawals could easily fund, and represent the proceeds of, trading in both the Subject Securities and other securities traded contemporaneously. Moreover, the Court denied the Defendants' previous objection to identical subpoena requests seeking information about deposits into and withdrawals from the accounts. Defendants' complaints about Requests No. 5, 6, 7 and 8 fail for similar reasons. Defendants objected to these same requests in the Commission's original subpoenas and the Court denied that these were valid bases for objection when it denied the Defendants' motion to quash in all respects other than limiting the time period and the trading data to three securities. *See* Order. In any event, these requests give context to the trading that the Court has found is discoverable, and it would not make sense to limit these requests to the Subject Securities because the information sought relates to the accounts themselves and communications about those accounts.

II.     **The Subpoena to Hilltop Securities Seeks Information About Potential Trading by Defendants In Parallel with Others.**

In addition to seeking information about Defendants' trading in the three Subject Securities, the subpoena to Hilltop Securities seeks information about accounts potentially owned by Kevan Casey and/or Adrian James that traded in parallel with Defendants' trades in the Subject Securities. These requests are based on information that Hilltop Securities

3

voluntarily disclosed to the Commission, based on its own internal compliance review, that it appears that other accounts traded in some or all of the Subject Securities on or about the same dates that Defendants traded in them. These, or similar requests, were not included in the Commission's subpoenas that were the subject of prior briefing because the Commission was unaware of this potential parallel trading at the time it served those original subpoenas. These additional requests of Hilltop Securities are not prohibited by, and in fact, are consistent with, the Court's findings about relevance in the Order. The Order states that information about Autonomix is "relevant to the relationship between Mr. Alomari and Mr. Casey that is discussed at length in the Amended Complaint." Order at 1-2. The Amended Complaint discusses at length the relationship between Alomari, Casey and James. *See* Dkt. No. 17 at ¶¶13-14, 30-31, 36, 38, 47, 50, 55, 61, 70-74, 76-79. To the extent that accounts controlled by Casey and/or his business partner James were trading in the same Subject Securities at the same time as Alomari, that information is clearly relevant to both the relationship between them and would provide evidence of concerted action or instruction.

## CONCLUSION

For the reasons set forth above, Defendants' motion to quash should be denied. Should the Court disagree, there is no justification for ordering the Commission to pay the Defendants' costs of filing its motion. As discussed above, the Commission's revised subpoenas reflect is good faith interpretation of the Court's Order denying the Defendants' original motion to quash "in all other respects."

Respectfully submitted,

SECURITIES AND EXCHANGE COMMISSION

By its attorneys,

*/s/ Kathleen B. Shields*
Kathleen Burdette Shields (Mass. Bar. No. 637438)
Jonathan T. Menitove (Mass. Bar. No. 710545)
Alexandra B. Lavin (Mass. Bar. No. 687785)
Boston Regional Office
33 Arch Street, 24th Floor
Boston, MA 02110
(617) 573-8904 (Shields)
(617) 573-4565 (Menitove)
ShieldsKa@sec.gov
MenitoveJ@sec.gov

Dated: December 3, 2025

## CERTIFICATE OF SERVICE

I, Kathleen B. Shields, hereby certify that on December 3, 2025, I caused a true copy of the forgoing document to be filed through the ECF system, and, accordingly, the document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Kathleen B. Shields*
Kathleen B. Shields
