IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>         Plaintiff,<br><br>v.<br><br>AHMED ALOMARI AND MCM CONSULTING,<br><br>         Defendants. | Case No. 1:24-cv-00172-JJM-AEM |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO
QUASH SUBPOENAS AND FOR A PROTECTIVE ORDER**

The SEC's Opposition (ECF No. 49) fails to provide any valid justification for exceeding the clear boundaries set by the Court's October 7, 2025 Order ("Order"). Accordingly, the subpoenas must be quashed (again).

**The Order *quashed* the SEC's subpoenas and allowed the SEC to reissue new subpoenas to seek information *only* about Autonomix, Zapp and Inspire, and *only* for the year 2024**. The SEC's opposition asserts that the Order's first limitation—restricting the subpoena to only information concerning those three specific stocks—applies only to a subset of their quashed requests. Specifically, the SEC insists that the Order permits them to issue new subpoenas that replicate the (quashed) requests for documents concerning transfers of cash, all account opening documents, all customer identification information, all documents concerning communications, and all electronic customer logins. *See* Dkt. 47-1 at 7 (Requests 3, 5, 6, 7, 8). The

1

SEC then argues that the "Court did not limit these types of requests," and that the Order's limitations apply *only* to requests about "trading activity" or "trading data." Opp. at 2, 3. Not so.

*First*, the SEC's Opposition completely ignores that the subpoenas were quashed. Properly framed, this Court's Order prevented the issuance of the subpoenas in their entirety and only allowed the issuance of new subpoenas for carefully delineated information—*i.e.* trading records for three stocks for the year 2024. The SEC reads the Order backwards. According to the SEC, they are entitled to all information from the brokerages with the exception of trading records not pertaining to the three at-issue stocks. But this reading of the Order fails to take into account the very first sentence of the Order which quashes the subpoenas. For this reason alone, the SEC's interpretation of the Order fails.

*Second*, the SEC's interpretation of the Order also ignores important limiting language. This Court ruled that any new subpoenas must "seek *information about only* the three stocks that the SEC has stated are the focus of these requests: Autonomix Medical, Inc. ('Autonomix'), Inspire Veterinary Partners, Inc. ('Inspire'), and Zapp Electric Vehicles Group Ltd. ('Zapp')." Order (emphasis added). Further, "[t]he subpoenas must be *further limited* to seek information about Autonomix, Inspire, and Zapp from 2024." *Id.* (emphasis added). Accordingly, the SEC was required to issue subpoenas in which each request met two criteria: it must seek information about *only* the three-stocks-at-issue *and* it must be seek information from the year 2024.

Given these restrictions, it is clear that the SEC's current reading of the Order, which would in effect allow the SEC to collect information far beyond that of the three at-issue stocks, makes little sense. *None* of the requests in the original quashed subpoenas—which the SEC believes to still be allowed—satisfies the Court's Order. Those quashed subpoenas included requests for: an electronic blotter "reflecting all trades" (Request 1); "all order data" (Request 2); all documents

concerning transfers of cash and securities into and out of the subject accounts (Request 3 & 4); all periodic account statements (Request 5); all account opening documents (Request 6); all customer identification information for the subject accounts (Request 7); all documents concerning communications related to the subject accounts (Request 8); and records of all logins (Request 9). *See* Dkts. 41-1, 41-2, 41-3, 41-4. It makes no sense for the Order to contain precise limiting language for three stocks for the year 2024 only but then allow the SEC to collect information that vastly exceeds the bounds of that limiting language. For this reason too, the SEC's reading of the Order should be rejected.

**The SEC's reading of the Order is internally inconsistent—on the one hand the SEC argues that the Order contains no limitations other than to restrict trading data to three stocks, while on the other hand the SEC concedes that the subpoena's 2024 temporal limitation applies to *all* of its requested information.** The SEC's new subpoenas limited *all* requested documents in their subpoena to "the "time period from January 1, 2024 to December 31, 2024." Dkt. 47-1 at 3. That interpretation—whereby the subject-matter limitation applies to some requests while the timing limitation applies to all requests—makes no logical sense. It also cannot be squared with the plain language of the Court's order, which limited the subject matter of all "information" requested and then "further limited" those requests to the year 2024. The Order made no distinction between *types* of requests.

The SEC's tortured interpretation also contradicts the Court's explanation of *why* it concluded that the subpoenas would comply with Rule 26 if modified in accordance with the Order's limitations. The Court held that that information was relevant to the "remedies sought in this matter," that "the SEC has evidence that the nature of the trading in those three securities in 2024 is substantially similar to the trading in the operative amended complaint," and that

3

information about Autonomix "is relevant to the relationship between Mr. Alomari and Mr. Casey that is discussed at length in the Amended Complaint." Order. The Court's explanation justifies the requests that are expressly targeted at Defendants' 2024 trading in Autonomix, Zapp, and Inspire. But it cannot justify the requests for *all* of Defendants' communications, withdrawals, and deposits because those requests are not targeted at the three stocks-at-issue.

**The SEC's insistence that the last sentence of the Order—"The Motion to Quash is DENIED in *all other respects*"—serves to justify their overly broad generalized requests is nonsensical.** *See* **Opp. at 2.** In context, that last sentence meant that the Court had denied Defendants' motion to quash discovery into Autonomix, Zapp, and Inspire. Defendants had moved to quash the original subpoenas on two grounds: (1) because the records of trading in the three stocks-at-issue were irrelevant to the allegations in the Complaint, Dkt. 40 at 6-9, and (2) because the SEC's requests were overly broad insofar as they "extend[ed] far beyond that trading activity," *id.* at 9; *see also id.* ("These requests demand production of expansive financial information that has no conceivable bearing on Alomari's stock-promotion activities."). The Court evidently *disagreed* with Defendants on the first argument, as evidenced by its reasoned conclusions about why trading in those stocks were relevant. The Court, however, *agreed* with Defendants on the second argument, as evidenced by the Order's limitation to "information about only th[ose] three stocks." Order. Accordingly, the SEC cannot use that last sentence as an open invitation to evade the clear limitations in the first part of the Court's order.

The SEC plainly understands the Court's order. On the second page of its opposition, the SEC accurately summarizes the Order as "restrict[ing] the scope of the Commission's subpoenas to trading information relating to the three securities for the calendar year 2024." Opp. at 2. Defendants agree with that summary. Defendants do not agree, however, that the Order permits

4

the SEC to seek information "[i]n addition" to what the Court permitted. *Id.* No aspect of the Order permitted the SEC to seek "basic information about the accounts themselves and the shareholders' communications with the brokerage firms." *Id.* Those requests appeared in the original quashed subpoenas. If the Court considered those requests appropriate, it would have exempted those requests from the limitations it imposed. The Court did not do so. The SEC's post-hoc rationalizations for why this information "is necessary to understand the accounts' trading in the Subject Securities that the Court found relevant to this case, and thus discoverable" should be seen as it clearly is—an inappropriate attempt to circumvent the limits of this Court's order, which controls.

**Defendants are entitled to reasonable attorneys' fees because of the SEC's unjustified failure to comply with this Court's Order**. When the Court quashed the SEC's first subpoenas, it set clear parameters for what the SEC was permitted to request and what it could not. The SEC claims that it was permitted to ignore the first sentence of that Order based on a "good faith interpretation" of that Order's last sentence. Opp. at 4. That claim is meritless. No reasonable person could interpret the Order in such a manner. Nothing in the SEC's opposition proves otherwise. Because the SEC has failed to carry its burden of proving that its failure to comply with the Order was "substantially justified," this Court "must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(C).

## CONCLUSION

The new subpoenas plainly violate the limitations of the Court's October 7, 2025 Order. As a result, the subpoenas should be quashed in their entirety and the SEC should be directed to pay Defendants' expenses for bringing this motion.

Dated: December 10, 2025

Respectfully submitted,

*/s/ Eric S Rosen*
Daniel J. Procaccini (#8552)
Lucas Spremulli (#10418)
Adler Pollock & Sheehan P.C.
100 Westminster Street, 16th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
dprocaccini@apslaw.com
lspremulli@apslaw.com


Eric S. Rosen (*Pro Hac Vice*)
Tyler Finn (*Pro Hac Vice* to be filed)
DYNAMIS LLP
175 Federal St., Suite 1200
Boston, MA 02110
Tel: (646) 541-8484
erosen@dynamisllp.com
tfinn@dynamisllp.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via the ECF System to counsel of record on this 10th day of December 2025.

                                                         */s/ Daniel J. Procaccini*

4905-6648-5632, v. 2