# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| Securities and Exchange Commission<br>Plaintiff,<br><br>v.<br><br>Ahmed Alomari and MCM Consulting,<br>Defendants. | C.A. No. 1:24-cv-00172-JJM-AEM |

## ORDER

Now pending before the Court is Defendants' Motion to Quash Subpoenas and for a Protective Order (ECF No. 47). Defendants challenge four renewed subpoenas issued by the SEC to nonparty financial institutions. Plaintiff Securities and Exchange Commission (the "SEC") filed Plaintiff's Opposition to Defendants' Motion to Quash and for a Protective Order (ECF No. 49) and Defendants filed a Reply (ECF No. 50).

This Court ruled on Defendants' prior Motion to Quash and for a Protective Order (ECF No. 40) via text order on October 7, 2025. The October 7, 2025 Text Order was focused on whether the three securities that were the focus of the subpoenas—Autonomix Medical, Inc., Inspire Veterinary Partners, Inc., and Zapp Electric Vehicles Group Ltd. (hereinafter the "Subject Securities")—were relevant to the claims and defenses in this litigation. The Court found that they were, and that the pending subpoenas "must be modified to seek information about only the three stocks that the SEC has stated are the focus of these requests." The current motion is related to renewed subpoenas from the SEC seeking information about the Subject Securities and delves into a level of detail not previously addressed by the Court. After hearing, the Motion to Quash is GRANTED IN PART and DENIED IN PART as specified herein.

## I. Subpoena Requests

The requests for Documents to be Produced (Section C) in each of the four subpoenas at issue are the same. The Court will address each request in dispute in turn.

### A. Request 3

Request 3 seeks "All Documents Concerning deposits, withdrawals and transfers of cash into and out of the Subject Accounts including information sufficient to identify the corresponding financial institution, account number and routing number." This Request is overbroad in that it seeks information not tied in any way to the Subject Securities. At the hearing, the SEC represented that there is no way to further narrow this Request based on currently available information. The Motion to Quash is GRANTED as to Request 3, and Request 3 is hereby stricken.

### B. Requests 5 and 6

Request 5 seeks "All account opening Documents Concerning each Subject Account, including, but not limited to, Documents sufficient to identify the Person(s) with trading authority for each Subject Account." Request 6 seeks "All customer identification, profile, and contact information for each Subject Account, including phone numbers, e-mail addresses, mailing addresses, and any known account numbers at other institutions." These Requests seek foundational information necessary to make other relevant evidence about the Subject Securities understandable and admissible, and as such, the Motion to Quash is DENIED as to Requests 5 and 6.

### C. Request 7

Request 7 seeks "All Documents Concerning Communications, including, but not limited to, electronic mail and recorded telephone calls, related to each Subject Account or the Subject Securities during the period January 1, 2024 to December 31, 2024." Request 7 is overbroad in

that it seeks documents not relating to the Subject Securities.  The Motion to Quash is GRANTED as to Request 7:  the words "each Subject Account or" shall be stricken from Request 7.

### D.  Request 8

Request 8 seeks "Record(s) of all electronic customer logins during the period January 1, 2024 to December 31, 2024, preferably in a searchable electronic format, such as Microsoft Excel, Microsoft Word, or text file, for each Subject Account, including date and time-stamping of the logins, the Internet Protocol address(es) utilized by the customer(s) and enhanced login details including but not limited to browser cookie data."  Request 8 is overbroad to the extent that it seeks information not relating to the Subject Securities.  The Motion to Quash is GRANTED as to Request 8:  Request 8 shall be revised to be restricted only to electronic customer logins on days when there was activity in the Subject Securities.

## II.   CONCLUSION

As specified above, the Motion to Quash is GRANTED as to Requests 3, 7, and 8, and DENIED as to Requests 5 and 6.  The subpoenas shall be revised as ordered herein.  All other requested relief is DENIED.

IT IS SO ORDERED.


  /s/   Amy E. Moses
AMY E. MOSES
United States Magistrate Judge

January 30, 2026